United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*In re* Application of

GRUPO UNIDOS POR EL CANAL, S.A.,

____________________________________/

No. 14-mc-80277-JST (DMR**)**

**ORDER GRANTING EX PARTE APPLICATION FOR ORDER UNDER 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FROM URS CORPORATION AND URS HOLDINGS, INC. FOR USE IN INTERNATIONAL PROCEEDING**

Before the court is an ex parte application by Grupo Unidos por el Canal, S.A. ("GUPC") for an order to obtain written discovery from URS Corporation ("URS") and URS Holdings, Inc. ("URS Holdings") for use in an international arbitration. Having considered GUPC's papers and accompanying submissions, the court **grants** the application.

## I. BACKGROUND

GUPC is a Panama-based company that is constructing the Panama Canal expansion. Menes Decl. [Docket No. 2] at ¶ 2. In August 2009, as part of a program to expand the Panama Canal, GUPC entered into a contract with Autoridad del Canal de Panama ("ACP"), a legal entity of the Republic of Panama established pursuant to the Panamanian Constitution. Application at 7; Menes Decl. at ¶ 3, Ex. 3. Construction on the Panama Canal expansion is ongoing.

GUPC, ACP, and others parties are engaged in an international arbitration currently proceeding under the auspices of the International Chamber of Commerce ("ICC"). *Id.* at ¶ 11-12,

Exs. 10-11. GUPC alleges that ACP has failed to perform its obligations, including by concealing and withholding information regarding the true nature of the existing conditions and status of aspects of the canal expansion.

URS is a company based in the United States that provides engineering, construction, and technical services for public agencies and private sector companies around the world. *Id.* at ¶ 5, Ex. 4. URS Holdings is a subsidiary of URS. *Id.* at ¶ 6, Ex. 5. According to GUPC, since at least 2007, URS and/or URS Holdings have worked as environmental and engineering consultants to ACP in connection with the Panama Canal expansion project, and URS publicly holds itself out as having performed a wide range of services for the project, including an environmental impact study. *Id.* at ¶ 7-8, Exs. 6-7. Both URS and URS Holdings are headquartered in San Francisco. *Id.* at ¶ 9-10, Exs. 8-9.

GUPC states on information and belief that due to their role as advisors to ACP, URS and URS Holdings have custody and control over documents relevant to the arbitration, specifically documents relating to GUPC's claims that ACP withheld and misrepresented information about the canal expansion project.

## II. LEGAL STANDARDS

GUPC's application is brought pursuant to 28 U.S.C. § 1782, which states as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court . . . . To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). The purpose of Section 1782 is "to provide federal-court assistance in the gathering of evidence for use in a foreign tribunal." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004); *see also Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004) (noting that Section 1782 has the "twin aims" of "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts") (quotations omitted).

United States District Court
For the Northern District of California

A district court is authorized to grant a Section 1782 application where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or "any interested person." 28 U.S.C. § 1782(a); *see also In re Republic of Equador*, No. C-10-80255-CRB (EMC), 2010 WL 3702427 at *2 (N.D. Cal. Sept. 15, 2010).

"However, simply because a court has the authority under § 1782 to grant an application does not mean that it is required to do so." *In re Republic of Equador*, 2010 WL 3702427 at *2 (citing *Intel*, 542 U.S. at 264). The Supreme Court has identified several discretionary factors that a court should take into consideration in ruling on a Section 1782 request:

> (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.

*Id.* (citing *Intel*, 542 U.S. at 264-65).

It is both common and proper for the process of presenting a request to a court to obtain an order authorizing discovery pursuant to Section 1782 to be conducted ex parte. *Id.* (summarizing cases).

## III. DISCUSSION

### A. Authority to Issue Subpoena

The court has reviewed GUPC's application and determined that the statutory requirements have been satisfied. First, GUPC has established that URS and URS holdings reside in this district. Second, an arbitration pending in a tribunal established by an international treaty constitutes a foreign tribunal for purposes of Section 1782. *In re Republic of Equador*, 2010 WL 3702427 at *3. Third, GUPC qualifies as an "interested person" because it is a party to the arbitration.

### B. Discretionary Factors

United States District Court
For the Northern District of California

Having concluded that it has the authority to issue the subpoena, the court turns to the question of whether the discretionary factors identified by the Supreme Court weigh in favor of or against issuance of the subpoena.

With respect to the jurisdictional reach of the foreign tribunal, the Supreme Court has noted that "when the person from whom discovery is sought is a participant in the foreign proceeding . . . , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264. Here, URS and URS Holdings are not parties in the arbitration, and this factor weighs in GUPC's favor.

With respect to the nature and receptivity of the foreign tribunal, GUPC avers that the nature of the arbitration is such that the tribunal can be expected to be receptive to the information obtained by this request. GUPC notes that the ICC Rules of Arbitration provide that the arbitral tribunal may consider the documents submitted by the parties without explicit limitations on the types of documents presented, and there is no indication in the Rules that the tribunal would reject documentary evidence obtained pursuant to Section 1782. *See* Application at 13; Menes Decl. at ¶ 13, Ex. 12 (copy of ICC Rules of Arbitration). *See also In re Republic of Equador*, 2010 WL 3702427 at *4 (noting prior examples of Section 1782 applications to obtain discovery for use in international arbitration in which the arbitral tribunal appeared to be receptive to that discovery). Accordingly, this favor also weighs in GUPC's favor.

With respect to the third discretionary factor, there is nothing to suggest that GUPC is attempting to circumvent foreign proof-gathering restrictions. Indeed, it appears that GUPC cannot obtain the requested discovery through the discovery procedures authorized by the arbitral tribunal, because URS and URS Holdings are not parties to the international arbitration and are beyond the reach of its discovery procedures. Application at 13. This factor thus weighs in GUPC's favor.

Finally, the discovery sought is not unduly burdensome. GUPC seeks information relevant to the disputed canal expansion project, and its nine document requests target specific, limited categories of documents. GUPC avers that the information sought will be critically important to GUPC's arbitration claims, and the burden on URS and URS Holdings will be slight, since this information should be readily available. The court finds that GUPC has shown that the information it seeks has relevance to the international arbitration and is not unduly burdensome, especially in proportion to the alleged extent of URS and URS Holdings' involvement with the canal expansion project. Of course, this finding does not preclude URS and URS Holdings from contesting the subpoena based on undue intrusion, burden, or other grounds. *See In re Republic of Equador*, 2010 WL 3702427 at *2 and *5 (noting that ex parte applications under Section 1782 are "typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery" and to contest the subpoena "based on undue intrusion or burden or based on other grounds (*e.g.*, overbreadth)").

## IV. CONCLUSION

For the reasons stated above, the court **grants** GUPC's application. GUPC may serve the subpoena attached as Exhibit 2 to this application.

IT IS SO ORDERED.

Dated: October 27, 2014




DONNA M. RYU
United States Magistrate Judge